# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| GERALD MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-260 (MTT) ) |
| ROBINS FINANCIAL CREDIT UNION, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Robins Financial Credit Union has moved to dismiss Plaintiff Gerald Marshall's complaint. Doc. 14. Marshall, a consumer, alleges that Robins, a credit union, "is inaccurately reporting its tradeline ('Errant Tradeline') with an erroneous scheduled monthly payment amount of $524.00 on Plaintiff's Trans Union[1] credit disclosure," even though he "no longer has an obligation to make monthly payments to Robins," in violation of the Fair Credit Reporting Act. Doc. 1 ¶¶ 7, 8. On March 5, 2019, Marshall first noticed the alleged inaccuracy on his Trans Union credit disclosure. *Id.* ¶ 9. On April 12, he wrote Trans Union disputing the tradeline, stating he was no longer required to make monthly payments because the account was paid and closed and requested that Trans Union revise the credit report to reflect a $0.00 monthly payment. *Id.* ¶¶ 10, 11. Trans Union then forwarded the dispute to Robins, and Robins failed or refused to report the scheduled monthly payment as $0.00. *Id.* ¶¶ 12, 13, 16. Marshall saw the same inaccuracy again on his June 4 Trans Union credit disclosure. *Id.* ¶ 16. In short, it appears Marshall contends Trans Union's credit disclosures are inaccurate because Robins submitted erroneous information, the

---

[1] Trans Union was previously terminated as a party pursuant to a stipulation of dismissal. Doc. 20.

tradeline, to Trans Union.

Robins contends the monthly payment amount is an "historical term" for an account that has been paid and closed, and it has thus not reported inaccurate or misleading information. Doc. 14-2 at 2−3. In support of its motion, Robins attached to its brief Marshall's "credit report journal also known as 'Tradeline'" dated February 1, 2016. *Id.* at 2, 7. Presumably, but only presumably, this is the report Robins sent to Trans Union. Robins argues that "the report accurately sets forth the historical payment terms while simultaneously reflecting that the account has been paid in full and closed." *Id.* at 3. The motion to dismiss thus turns on whether Robins reported an inaccurate tradeline to Trans Union.[2] 15 U.S.C. § 1681s-2(A)−(B) (stating that a furnisher "shall not furnish any information relating to a consumer to any consumer reporting agency . . . that . . . is *inaccurate*" (emphasis added)).

In its response to the motion, Marshall argues that "Robins' arguments are based upon factual bases, and as such, will require discovery to resolve." Doc. 16 at 1−2. Courts generally do not consider matters outside the pleadings on a motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Federal Rule of Civil Procedure 12(b)(6)

> is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. *However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the*

---

[2] Marshall's claim that Robins failed to conduct a reasonable investigation or correct the inaccurate tradeline fails without proof of an inaccuracy. *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018) ("Regardless of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or complete, triggering the furnisher's obligation to correct the information."); *see also Leones v. Rushmore Loan Mgmt. Servs., LLC*, 749 F. App'x 897, 901 (11th Cir. 2018) ("Plaintiff's claims cannot survive a motion to dismiss without some supportable allegation that the reported information is inaccurate or incomplete.")

> *Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal*, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (internal citations omitted) (emphasis added). In his complaint, Marshall refers to Trans Union's credit disclosures, which he allegedly has, and Robins' tradeline. Doc. 1 ¶¶ 7, 15, 16. It is not clear if Marshall has the tradeline, but clearly the Court cannot consider the unauthenticated document Robins attaches to its brief (Doc. 14-2 at 7). FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); FED. R. CIV. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper . . . is referred to in an affidavit, a sworn or certified copy must be attached. . . ."); *see Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993) (Carnes, J.) ("In order for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence [at trial].").

Again, Robins' motion turns on the accuracy of the information Robins provided to Trans Union. Documents referenced in the complaint—namely the March 5 and June 4 Trans Union credit disclosures and the tradeline—are necessary to evaluate the validity of Marshall's claims.

Accordingly, Marshall **SHALL submit** true and correct copies of the March 5, 2019 and June 4, 2019 Trans Union credit disclosures and the allegedly inaccurate

tradeline no later than **December 20, 2019**.  Because it is possible that Marshall does not have Robins' tradeline, Robins **SHALL submit** an admissible copy of the tradeline submitted to Trans Union by **December 20, 2019**.  A hearing on the motion to dismiss (Doc. 14) will be held **January 13, 2020 at 2:30 p.m.**.  Before then, the Court should be able to determine if it will be necessary to convert the motion to dismiss to a motion for summary judgment.

**SO ORDERED**, this 3rd day of December, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
