# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| GERALD MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:19-CV-260 (MTT) |
| | ) | |
| ROBINS FINANCIAL CREDIT | ) | |
| UNION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant Robins Financial Credit Union has moved to dismiss Plaintiff Gerald Marshall's complaint.  Doc. 14.  Marshall, a consumer, alleges that Robins, a credit union, "is inaccurately reporting its tradeline ('Errant Tradeline') with an erroneous scheduled monthly payment amount of $524.00 on Plaintiff's Trans Union[1] credit disclosure," even though he "no longer has an obligation to make monthly payments to Robins," and failed to reasonably investigate his dispute of this report, all in violation of the Fair Credit Reporting Act.  Doc. 1 ¶¶ 7−8, 13−17.  On March 5, 2019, Marshall first noticed the alleged inaccuracy on his Trans Union credit disclosure, and after disputing the tradeline with Trans Union, Trans Union forwarded the dispute to Robins.  *Id.* ¶¶ 9−13.  Robins failed or refused to report the scheduled monthly payment as $0.00.  *Id.* ¶¶ 12, 13, 16.  Marshall saw the same inaccuracy again on his June 4 Trans Union credit disclosure.  *Id.* ¶ 16.

The Federal Credit Reporting Act forbids creditors from furnishing "any information relating to a consumer to any consumer reporting agency . . . that . . . is

---

[1] Trans Union was previously terminated as a party pursuant to a stipulation of dismissal.  Doc. 20.

*inaccurate.*"[2]  15 U.S.C. § 1681s-2(A)−(B) (emphasis added).  Robins contends the

monthly payment amount is an "historical term" for an account that has been paid and

closed, and it has thus not reported inaccurate or misleading information.  Doc. 14-2 at

2−3.  In support, Robins provided the affidavit of Robert Dyal, Robins' vice president in

charge of lending, stating that the information regarding Marshall's account reported by

Robins was correct, and attached the information Robins sent to Trans Union.  Doc.

24.  In response, Marshall filed copies of his March 5 and June 4 Trans Union credit

reports, showing the same information as the information Robins sent to Trans Union.

Docs. 25-1; 25-2.

Courts generally do not consider matters outside the pleadings on a motion to

dismiss.  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

Because Marshall referenced the documents provided in his complaint, the Court is not

required to convert the motion to dismiss to a motion for summary judgment.  *Brooks v.*

*Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (citations

omitted).  But out of an abundance of caution, the Court will convert the motion to

dismiss to a motion for summary judgment.  Accordingly, the Court **ORDERS** Robins'

motion to dismiss (Doc. 14) be converted into a motion for summary judgment, and the

parties are given **fourteen days** to submit any additional material or briefs, if needed.

**SO ORDERED**, this 22nd day of January, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Marshall's claim that Robins failed to conduct a reasonable investigation or correct the inaccurate tradeline fails without proof of an inaccuracy.  *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018).